## Frambes Estate

Isaac S. Grossman and *Prowell & Harter*, for exceptant.

Henry E. Harner, contra.

RICHARDS, P. J., May 19, 1954.—Decedent died testate on May 13, 1953. Letters testamentary were issued to Orella H. Frambes. In due time she stated her account and proposed, inter alia, to distribute a parcel of real estate known as 4506 Fritchie St., Colonial Park, Lower Paxton Township, Dauphin County, Pa., to herself, as residuary devisee. Rosemary Gillespie, a sister of decedent, filed an exception in which she claimed this property by intestacy.

The will of decedent is very simple. It named the daughter-in-law of decedent, with whom she lived, executrix and trustee. Item 1 directs the executrix and trustee to pay the funeral expenses of Rosemary Gillespie, in an amount not in excess of $1,000, provided she survives her sister, testatrix. Item 2 gives decedent's stocks and securities to the trustee, in an amount not to exceed $10,000, with direction to pay the income therefrom to Rosemary Gilliespie for life. Upon the death of the life tenant, the unconsumed portion of the corpus is given to accountant. Then follows the residuary clause in item 3. This reads as follows:

"Item 3. All the rest, residue and remainder of my estate, including the stocks and securities referred to in Item 2 above in the event my said sister predeceases me, I give, devise and bequeath unto my daughter-in-law, Orella H. Frambes, absolutely."

The meaning of the residuary clause and the will as a whole is so clear that we need not resort to any rules of construction. "All the rest, residue and remainder of my estate" refers to that which was not previously disposed of by the will, and includes the real estate which had not been previously mentioned or devised. The inclusion of the phrase "including the stocks and securities referred to in Item 2 above in the event my sister predeceased me" is obviously included to bequeath the same in the event that the sister

predeceased testatrix and no necessity existed to set up the trust. It is clear that the prior death of the sister would render inoperative the provisions of items 1 and 2. It was necessary, therefore, or at least advisable, to cover this contingency in the residuary clause.

It will be noted that item 1 directs the "executrix and trustee" to pay the funeral expenses of the sister in the event of survival. This seems to indicate that should the sister survive decedent, but die shortly thereafter, the "executrix" should pay the funeral expenses and the trust would not spring into existence. Furthermore, while item 2 does not specifically say so, there is a clear implication that the trust is to be set up only upon condition that the sister survive, and inferentially that she survive until the trust is set up. The costs of administration, debts of decedent and taxes were charges which must first be paid, in order to ascertain if anything remained to be turned over to the trustee. Likewise, item 2(b) makes a gift of the unconsumed portion of the trust while item 3, the residuary clause, bequeaths all securities in the event that the trust should not be set up.

The law presumes that in the case of a will decedent intended to die completely testate and a construction should be sought which effectuates this presumption if it can be done without violence to the language used and the intent expressed. In the present case, we have no difficulty in ascertaining the intent. It is clear and the will is a harmonious whole without discordant factors.

We hold, therefore, that the residuary clause devises the real estate to Orella H. Frambes and that no intestacy, or partial intestacy exists. Accordingly, the exception must be dismissed.

### Order

And now, to wit, May 19, 1954, the exception of Rosemary Gillespie is dismissed.

*Order and Final Decree*

And now, May 19, 1954, upon consideration of the foregoing exceptions, the court does hereby dismiss the exceptions.

Furthermore, the account which was confirmed nisi in the adjudication, dated May 19, 1954, is hereby confirmed absolutely.